**BLD-202**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2079
_____

UNITED STATES OF AMERICA

v.

TIMOTHY BAUKMAN, also known as TAUHEED BAUKMAN, also
known as T DOG, also known as TIM GOTTI, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-05-cr-00440-008)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2022
Before:  MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: August 25, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Timothy Baukman appeals pro se from the District Court's order denying his

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has filed a motion for summary affirmance and to be relieved of its obligation to file a brief. We grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2008, a jury convicted Baukman of over 90 offenses related to his role in a large-scale drug trafficking operation. His crimes included money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) & (B)(i); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 360 months' imprisonment followed by ten years of supervised release. He is scheduled for release in August 2031, and is incarcerated at Federal Medical Center in Devens, Massachusetts.

In November 2020, through counsel, Baukman filed a motion to reduce his sentence, then filed a pro se motion for compassionate release. Baukman, who was 44 years old when he filed the motion, contended that he suffered from hypertension, obesity (body mass index 36.1), and obstructive sleep disorder which presented "extraordinary and compelling" circumstances for release because his health conditions placed him at an increased risk for complications should he be infected with the COVID-19 virus. The Government opposed the motions. The District Court considered both motions and determined that although Baukman had exhausted his administrative remedies and had established an "extraordinary and compelling" reason for release under § 3582(c)(1), the

18 U.S.C. § 3553(a) factors counseled against release. See ECF No. 1879. Baukman timely appealed.

## II.

We review the denial of a motion for compassionate release for abuse of discretion.[1] See United States v. Pawlowski, 967 F.3d 327, 329-30 (3d Cir. 2020). We may take summary action if "no substantial question is presented" in the appeal. 3d Cir. L.A.R. 27.4.

We agree with the District Court that the § 3553(a) sentencing factors counseled against granting Baukman's motion. In particular, as the District Court explained, the seriousness of the offense weighed against granting release: Baukman's crimes stemmed from "one of the largest cocaine and crack trafficking organizations ever prosecuted in the Eastern District of Pennsylvania," the organization placed approximately $25 million worth of drugs into the district, and Baukman was "integral" to the drug operation, as he managed the apartment that was the base of operation for cocaine processing and laundered the profits by depositing the funds into a bank account in his son's name. ECF No. 1879.

Furthermore, the District Court appropriately considered the length of time remaining on Baukman's sentence. Noting that Baukman had served just over half of his 360-month sentence (he had served 204 months in prison), the District Court explained

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

3

that "granting [Baukman] release now would undermine the need for his sentence to reflect the 'seriousness of the offense,' 'respect for the law,' and 'adequate deterrence'" considerations set forth in § 3553(a).  See id. (quoting § 3553(a)); see also Pawlowski, 967 F.3d at 330-31.  That Baukman is incarcerated at a federal medical center, which is well-equipped to manage his medical conditions and a COVID-19 outbreak at the facility, also weighed against granting release.[2]

Although the record reflects that, in over a decade of incarceration, Baukman has incurred only one disciplinary infraction and has taken steps towards rehabilitation, the District Court did not commit a "clear error of judgment" in determining that the applicable sentencing factors counseled against granting release.  See Pawlowski, 967 F.3d at 330 (internal quotation marks and citation omitted).

Accordingly, we will affirm the District Court's judgment.  3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[2]  In its motion, the Government stated that the Bureau of Prisons informed it that Baukman received a Moderna vaccine in February and March 2021, and a booster shot in November 2021.  C.A. No. 24 at p. 9.  The District Court did not have the benefit of Baukman's vaccination status when it issued its order, nor did Baukman discuss his status in his brief.  To the extent that Baukman is vaccinated, that would support the denial of his motion for release.

4